[No. 6,590.]

# ESTATE OF CUNNINGHAM.

ESTATE OF CUNNINGHAM—PROBATE OF WILL—REVOCATION OF PROBATE—FORMER ADJUDICATION—ESTOPPEL—PARTIES.—Parties represented upon the contest of a will by an attorney appointed by the Court, are not parties to the contest so as to be barred by the adjudication; but may, (under § 1327 Code Civ. Proc.) within a year after the probate, contest the probate or validity of the will; and at the hearing, the Court (under § 1829 Code Civ. Proc.) must proceed to try the issues of fact joined, in the same manner as in the original contest of the will.

APPEAL from an order revoking the probate of a will and letters testamentary, in the Probate Court of San Francisco. PAYNE, J.

Mary Cunningham, wife of Patrick Cunningham, died in July, 1876, leaving a will in the custody of Rev. Hugh P. Gallagher, by the terms of which the bulk of the estate was left to relations of the deceased living in the Eastern States. H. P. Gallagher, who was named in the will as executor, presented the will for probate. The husband of the deceased opposed the probate of the will, and offered for probate a document bearing date December 14th, 1870. Issues were raised on both wills, and a trial had before a jury; a verdict was found in favor of the will filed by H. P. Gallagher, and thereupon an order was made admitting the same to probate. An appeal was taken from this order by the husband, and after argument in this Court the matter was remanded back to the Probate Court for a new trial. A second trial was had before a jury in the Probate Court, and a verdict found for the will of December 14th, 1870. Thereupon the Probate Court made an order admitting the last-mentioned will to probate. The date of the judgment and order was March 20th, 1878. A motion for a new trial was made and denied, and an appeal taken to this Court. Subsequently the appeal was dismissed. Up to this stage of the proceedings, the respondents herein never appeared in this litigation. On the trials before the jury, the Probate Court made orders directing J. G. Severance (at the first trial) and J. F. Sullivan (at the second trial) to represent the non-resident heirs and legatees. On November 8th, 1878, Kate Morgan, Ann

Morgan, Rose Morgan, John Morgan, Thomas Morgan, and Mary Kearny, appeared for the first time on their own behalf by their own attorney, J. F. Sullivan, and filed their petition for revocation of the probate of the will of December, 1870. Citation issued to the executor, and the petition was heard on testimony taken at a former trial, according to stipulation. The Court below made the order of revocation. From that order and others this appeal is taken.

*Robert Ash*, for Appellant.

*J. F. Sullivan*, for Respondents.

Department No. 1, by the COURT (from the Bench):

It is urged by counsel for appellant, that the respondents were estopped from prosecuting their petition for a revocation of the probate of the will of December 14th, 1870, by the order and judgment of the Probate Court, based upon the verdict in favor of that will. But it seems that on the trial before the jury, by whom the will of December, 1870, was upheld, (as well as at the previous jury trial) the respondents were represented only by an attorney appointed by the Court. If they were parties contesting the will at the former trials, the contest (so far as they were concerned) was made by the attorney appointed by the Court, and § 1307 of the Code of Civil Procedure provides that a contest made by such an attorney "does not bar a contest after probate by the party so represented, if commenced within the time provided in article four of this chapter." There is no dispute that the present proceeding was commenced within such time. If respondents were not, within the meaning of the law, parties to the former contest, they were not bound by the former adjudication.

Section 1327 of the Code of Civil Procedure provides that "any person interested" may, at any time within a year after the probate of a will, contest the probate or validity of the will; and § 1329, that at the hearing "the court must proceed to try the issues of fact joined in the same manner as in the original contest of a will."

Judgments and orders affirmed.