[No. 15957.   Department Two.—April 4, 1895.]

MELOCENE W. EICHHOFF, BY HER GUARDIAN AD LITEM, ETC., APPELLANT, *v.* MAGDALENA EICHHOFF ET AL., RESPONDENTS.

ACTION TO SET ASIDE DECREE ANNULLING MARRIAGE—SERVICE OF SUMMONS—PRESUMPTION—BURDEN OF PROOF.—In an action *to set aside* a decree annulling a marriage, upon the ground that the defendant in the action annulling the marriage was not served with summons, and had no notice of the suit, and never appeared therein, and that the judgment was procured by the fraudulent practice of the plaintiff in the action, the mere production of the judgment-roll, showing that a summons was issued, but containing no proof of service, and no memorandum of default, and no appearance for the defendant except by a guardian *ad litem* appointed by the court, and no recital in the record to the effect that summons had been served, does not raise a presumption that there was no jurisdiction of the court over the person of the defend-

ant against whom the judgment was rendered; but the presumption is to the contrary, that the court did have jurisdiction of the person of the defendant, and this presumption must be overcome by proof, the burden of which is cast on the plaintiff in the action to annul the decree, that summons had not in fact been served in the former action.

ID.—DIRECT ATTACK UPON JUDGMENT—INDIRECT ATTACK—EQUITABLE SUIT. It is only upon a direct attack by appeal from a judgment by default that there is no presumption in favor of the existence of any fact essential to the jurisdiction of the court over the defendant; but, when an action is brought in a court of equity to set aside a judgment at law, the attack, although not collateral, is always indirect, and such an attack does not question or dispute the effect of the judgment as an adjudication, but seeks to be relieved from its operation upon equitable grounds.

APPEAL from a judgment of the Superior Court of Marin County.

The facts are stated in the opinion of the court.

*J. J. Paulsell,* and *Kile & Plummer,* for Appellant.

An action to set aside a judgment for want of summons, or failure to obtain jurisdiction, is a direct attack upon the judgment and can be maintained. ( *Wilson* v. *Hawthorne,* 14 Col. 530; 20 Am. St. Rep. 290, and notes; *Great West Min. Co.* v. *Woodmas etc. Min. Co.,* 12 Col. 46; 13 Am. St. Rep. 210; *Magin* v. *Lamb,* 43 Minn. 80; 19 Am. St. Rep. 216; *Baker* v. *O'Riordan,* 65 Cal. 371; *People v. Harrison,* 84 Cal. 608, 609; note to *Taylor* v. *Lewis,* 19 Am. Dec. 138; *Sanford* v. *Head,* 5 Cal. 297; *Bibend* v. *Kreutz,* 20 Cal. 113; *Kibbe* v. *Benson,* 17 Wall. 624; *Harnish* v. *Bramer,* 71 Cal. 156.) No answer or demurrer was filed or appearancce made by the defendant in the divorce case, and hence the proof of service of summons should have been clear and explicit before the court was authorized to proceed with the trial of the cause. ( *Reinhart* v. *Lugo,* 86 Cal. 399; 21 Am. St. Rep. 52; *Lyons* v. *Cunningham,* 66 Cal. 43; *Barney* v. *Vigoureaux,* 75 Cal. 376; *Sichler* v. *Look,* 93 Cal. 607; *Keybers* v. *McComber,* 67 Cal. 397; *Gray* v. *Hawes,* 8 Cal. 569.) The entire record, as well as the summons in the divorce case, is silent on the question of service of process, and, being a direct attack, no presumptions can be indulged in now. In a direct attack the jurisdiction

of the court pronouncing the judgment assailed must be proven by the record itself. (*Weeks* v. *Garibaldi etc. Gold Mining Co.*, 73 Cal. 600; *McKinlay* v. *Tuttle*, 42 Cal. 577; *County of Yolo* v. *Knight*, 70 Cal., 436; *Sichler* v. *Look*, *supra; Reinhart* v. *Lugo*, *supra; Trimbel* v. *Longworth*, 13 Ohio St. 431–39; *Duncan* v. *Gerdine*, 59 Miss. 550.) The appointment of the guardian *ad litem* did not give the court jurisdiction over the person of the defendant. Jurisdiction could only be acquired by service of summons in the manner required by law. (Code Civ. Proc., sec. 411; *Sacramento Sav. Bank* v. *Spencer*, 53 Cal. 740; *Justice* v. *Ott*, 87 Cal. 530; *McAllister* v. *Lancaster County Bank*, 15 Neb. 295; *Scott* v. *Winningham*, 79 Ga. 492; *Miller* v. *Potter*, 54 Vt. 267; *Smith* v. *Reid*, 134 N. Y. 568; *In re Cartwright*, 3 Demarest, 13; *Fanning* v. *Foley*, 99 Cal. 338; *Johnston* v. *San Francisco Sav. Union*, 63 Cal. 554; *McCloskey* v. *Sweeney*, 66 Cal. 53; *Crouter* v. *Crouter*, 133 N. Y. 62.) The power of the court to vacate a judgment void for want of jurisdiction is inherent. It does not expire by lapse of time, nor is it restricted by section 473 of the Code of Civil Procedure, designating the time within which a motion may be made for relief against judgments entered against a party by mistake, accident, surprise, or excusable neglect. (*People* v. *Greene*, 74 Cal. 400; 5 Am. St. Rep. 448; *People* v. *Pearson*, 76 Cal. 400; *People* v. *Mullan*, 65 Cal. 396; *Wharton* v. *Harlan*, 68 Cal. 422; *Savings and Loan Soc.* v. *Thorne*, 67 Cal. 53; *People* v. *Harrison*, 84 Cal. 608, 609.) A decree of divorce obtained without jurisdiction will be set aside in actions for that purpose. (Black on Judgments, sec. 320; *Weatherbee* v. *Weatherbee*, 20 Wis. 549; *Dunn* v. *Dunn*, 4 Paige, 425; *Willman* v. *Willman*, 57 Ind. 500; note to *Greene* v. *Greene*, 61 Am. Dec. 464; *Rush* v. *Rush*, 46 Iowa, 648; 26 Am. Rep. 179; *Allen* v. *Maclellan*, 12 Pa. St. 328; 51 Am. Dec. 608; *Comstock* v. *Adams*, 23 Kan. 513; 33 Am. Rep. 191; *Everett* v. *Everett*, 60 Wis. 200; *Boyd's Appeal*, 38 Pa. 242.) An action may be maintained to set aside a decree of divorce after the death of one of the parties,

and in such action the personal representatives of the deceased and all persons interested in the estate are proper parties. (*Zoellner* v. *Zoellner*, 46 Mich. 511; *Johnson* v. *Coleman*, 23 Wis. 452; 99 Am. Dec. 193; *Brown* v. *Grove*, 116 Ind. 84; 9 Am. St. Rep. 823; *Willman* v. *Willman, supra.*) No issues were ever joined or made up in the divorce case, and, to all intents and purposes, the proceeding was *ex parte.* A judgment without an issue to be determined is a nullity. (*Porterfield* v. *Butler*, 47 Miss. 170; 12 Am. Rep. 329; *Shuford* v. *Cain*, 1 Abb. (U. S.) 302; *Kitchens* v. *Hutchins*, 44 Ga. 620; *Covenant etc. Ins. Co.* v. *Clover*, 36 Mo. 392.)

*Nicol & Orr,* and *James H. & J. E. Budd,* for Respondents.

Where the record is silent as to whether service of process was made on the defendant, and it does not show it was not made, the presumption that it was served attaches. Such presumption is evidence of the fact in favor of the defendant and in support of the judgment deserving the aid of presumptions. Being unrefuted it has the force of an admission. (*Hill* v. *Finigan*, 77 Cal. 275; 11 Am. St. Rep. 279; *Sichler* v. *Look*, 93 Cal. 606; *Lyons* v. *Roach*, 84 Cal. 30.) When the court is not required to place proof of service of summons upon the record it will be presumed in favor of jurisdiction that service was duly made, although no evidence thereof appears of record. (*Applegate* v. *Lexington etc. Min. Co.*, 117 U. S. 270; *Carpentier* v. *City of Oakland*, 30 Cal. 440; *Hahn* v. *Kelly*, 34 Cal. 391; 94 Am. Dec. 742; *In re Eichhoff*, 101 Cal. 600.)

TEMPLE, J.—This action was brought to set aside a judgment and decree rendered by the superior court of Marin county in 1882, annulling the marriage between Gustave Eichhoff and Melocene Eichhoff.

The complaint shows as a cause of action that in the suit for the annulment of the marriage this plaintiff, defendant in that action, was not served with summons,

had no notice of the suit, and never appeared therein, and that said judgment was procured by the fraudulent practices of said Gustave Eichhoff.

At the trial the plaintiff to sustain her allegations put in evidence the judgment-roll in the action for the annulment of the marriage, the petition for the appointment of a guardian *ad litem,* and the order appointing the guardian *ad litem,* and rested. The defendant put in no evidence, and the court thereupon rendered judgment for defendant, and the plaintiff appeals from the judgment. The appeal was taken within sixty days after the rendition of judgment.

The judgment-roll put in evidence shows that a summons was issued, but there was no proof of service. There was no memorandum that the default of the defendant had been entered as required by the code.

There was no appearance for the defendant in the case by answer or demurrer. There is no recital in the judgment to the effect that summons had been served; but it is stated that a guardian *ad litem* had been duly appointed for the defendant, and that such guardian appeared in open court and consented that the action be tried.

Neither in the petition for the appointment of a guardian *ad litem,* nor in the order appointing the guardian, is there a recital to the effect that the summons had been served on the defendant.

The only question presented on this appeal is whether, under these circumstances, the burden was cast on the plaintiff of proving that summons had not in fact been served on the defendant in the former action, or whether the defendant had the laboring oar.

The question as to the validity of this judgment was once before considered by this court. (*In re Eichhoff,* 101 Cal. 600.) There the attack upon the judgment was collateral. It was held by this court that the judgment was not void. It was said: "The fact that the court has rendered a judgment implies a determination by it before it assumed to hear the controversy that it had

jurisdiction over the subject matter of the action, and of the defendant against whom the complaint was directed. . . . . The judgment-roll in the present case is consistent with the fact that proper service was made upon the defendant before the hearing upon the complaint, and as any condition of facts consistent with the validity of the judgment will be presumed to have existed, rather than one which will defeat the judgment, it must be presumed, in support of the action of the court, that such service was shown to it, although it has not preserved any record thereof."

This conclusion is determinative of the question here submitted.

The presumption that the court did have jurisdiction of the person of the defendant must be overcome by proof. Plaintiff's action is based upon the well-established grounds of the jurisdiction of courts of equity to grant relief in cases of fraud, accident, or mistake. She set forth her equities in her complaint; but it is incumbent upon her, as plaintiff, not only to aver the facts constituting her case, but, if they are denied, to prove them. The judgment-roll did not prove want of service of summons, but the contrary. Under the decision the fact presumed is a fact adjudged. She was in this action allowed to prove that this adjudication was procured through fraud, or was a mistake; that she never was in fact served, and had no opportunity to be heard in the action.

The mere bringing of this suit does not change the presumptions arising from the fact of the rendition of the judgment. Apparently counsel have been misled by some cases in which judgments have been reversed on appeal. In *McKinlay* v. *Tuttle*, 42 Cal. 570, and in some other cases in which that case has been followed, it was held, in effect, that on an appeal the judgment would be reversed for irregularities which would not render the judgment void if attacked collaterally. In *Sichler* v. *Look*, 93 Cal. 600, it is said: "That upon a direct appeal it is essential for the party seeking to sus-

tain the judgment to show by the record itself that the court had jurisdiction of the defendant, whereas, in a collateral attack, the entry of the judgment is itself conclusive of such jurisdiction.   Upon a direct attack there is no presumption in favor of the existence of any fact essential to the jurisdiction of the court over the defendant, but, in all matters of which the judgment contains a record, its verity, in the absence of any contradictory evidence, will be presumed as fully as upon a collateral attack."

The phrase "direct attack" in the above quotation evidently refers to appeals from the judgment.

In fact, when an action is brought in a court of equity to set aside a judgment at law the attack, although not collateral, is always indirect.   (Freeman on Judgments, sec. 485.)   The judgment is not under review, but an issue is being tried as to whether the plaintiff is entitled to have a court of equity interpose in his behalf.   The judgment is not conclusive in such a case.   The question to be determined is whether the adjudication was not procured by fraud or mistake.   It may be said that in such a case the legal validity of the judgment is admitted, and it is because of its validity, or apparent validity, that the plaintiff requires to be relieved from it.   Says Freeman, at section 495, speaking of judgments entered without notice to defendant: " But proceedings in equity are peculiarly appropriate for the exposure of this infirmity.   They permit of the formation of issues upon the question of service of process, and of the trial of those issues after full opportunity has been given to those who seek to sustain, as well as those who seek to avoid the judgment.   If at such trial it satisfactorily appears that the defendant was not summoned, and had no notice of the suit, a sufficient excuse is shown for his neglect to defend, and equity will not allow the judgment, if unjust, to be used against him, no matter what jurisdictional recitals it contains."

It will be seen that the burden is on the plaintiff, in such an action, to excuse himself for not defending when

the judgment shows that he was in default for not doing so. By such an attack upon a judgment the plaintiff does not question or dispute its effect as an adjudication, but he seeks to be relieved from its operation upon equitable grounds.

The judgment is affirmed.

McFARLAND, J., and HENSHAW, J., concurred.