[S. F. No. 3720. In Bank.—June 3, 1907.]

## LAURA E. TRACY, Appellant, v. ELIZABETH M. MUIR et al., Respondents.

ESTATES OF DECEASED PERSONS—WILL—DISTRIBUTION—UNREVOKED PROBATE.—An heir of a testator, whose estate has been finally distributed, has no independent right to complain of a distribution in full accord with the terms of the will, the probate of which has not been revoked, and which is unassailable either by proceedings to revoke the probate, or in an equitable action to have the distributees thereunder charged as trustees.

ID.—CONTEST OF PROBATE—FRAUD IN SECURING PROBATE—CONSPIRACY—CONTEST AFTER PROBATE—LIMITATION OF RIGHT TO CONTEST.—An heir of a testator, who was not a party to a contest of the will before probate resulting in a verdict sustaining the will, is not estopped or concluded by the result thereof, and could not have been injured by alleged fraudulent acts done by the proponents and beneficiaries under the will, in pursuance of a conspiracy between them to secure its probate, including the alleged fraudulent introduction of certain agents of the conspirators upon the jury which tried the contest. The only effect upon such heir of the decree entered upon such contest was to fix the beginning of the statutory limitation of one year after probate within which she might herself contest the will. On such a contest after probate no different

measure of evidence or manner of procedure from that required
before probate was essential to a successful attack. If on such
a contest after probate the genuineness of the will is not sufficiently
proved, the probate must be annulled and revoked.

ID.—NO FIDUCIARY RELATION BETWEEN HEIR AND BENEFICIARIES UNDER
WILL.—Proponents of and beneficiaries under a will which is offered
for probate, who are not heirs at law of the testator, do not occupy
any fiduciary relations to the heirs at law, imposing any special duty
as to them.

ID.—EFFECT OF DECREE PROBATING WILL — CONCLUSIVE EVIDENCE OF
GENUINENESS.—Under such a system as exists in this state for the
admission of wills to probate, the determination of the question of
the genuineness of an instrument purporting to be a will is exclu-
sively for the court to which the proof of wills is confided, and its
decision therein is final and conclusive, and in the absence of some
law providing otherwise not subject, except on an appeal to a higher
court, to be questioned in any other court, or to be set aside or
vacated by a court of chancery on any ground. So long as the
probate stands the will must be recognized and admitted in all
courts to be valid, the unrevoked decree of probate standing as
absolute and conclusive proof of its genuineness. This rule is
absolute, at least in every case where there has been no breach of
duty arising from a fiduciary relation on the part of those secur-
ing the probate of the will, no such extraneous fraud as operates
to prevent the heir from appearing in the probate court and there
contesting the will and exhibiting fully his case against the same,
and no lack of actual knowledge of the pendency of the probate
proceedings operating to deprive the heir of an opportunity to so
appear in the probate court and make his contest.

ID.—PROCEEDINGS IN REM—CONTEST ON GROUND OF FORGERY—FAILURE
TO CONTEST IN TIME.—A proceeding for the probate of a will is a
proceeding *in rem*. By the offer of the will for probate the pro-
ponents tender to the world the issue as to its genuineness. Any
person interested may appear and contest the instrument so offered
upon various grounds, including all grounds substantially affecting
its validity or the question of its due execution. Failing to appear
and contest before probate, the right exists for a full year after
probate. One who must be held to have had actual notice of the
proceedings in time to make his contest, and who fails to take
advantage of the opportunity afforded of opposing the will by
appearing and contesting within the time allowed by law, must at
least, unless he can be held to have been prevented from so appear-
ing and contesting by some fraud of those procuring the probate,
be held concluded by the decree as to any matter concerning which
he could have obtained relief by a contest. It can be no excuse for
his failure to appear and contest that he did not know that the
alleged will was not genuine. That it was genuine was one of the
very issues tendered him by his adversary, which he was called upon
to meet within the time allowed by law, or forever thereafter admit.

ID.—FRAUD IN PROCURING PROBATE—CONTEST PREVENTED BY FRAUD OF
OTHER PARTY.—The doctrine that where the probate of a will is
obtained by fraud, equity may declare the executor or other person
deriving title under it a trustee for the party defrauded, does not
apply to such frauds as could have been relieved against by the
probate court by refusing the probate of the will, where the injured
party had actual notice of the probate proceeding in time to make
his contest, and was not prevented from so doing by some fraud of
the other party.

ID.—COMPLAINT TO CHARGE DISTRIBUTEES AS TRUSTEES FOR HEIRS—IN-
TRINSIC AND EXTRINSIC FRAUD.—The complaint in an action in
equity by the heir of a testator, whose property has been dis-
tributed in accordance with his will, is insufficient to charge the
distributees as trustees for the plaintiff, under allegations merely
to the effect that the plaintiff had been deprived of property to which
she would have succeeded as heir, by means of a false and forged
will, established in the court having jurisdiction to determine as to
its validity, by perjured testimony. The fact that the forgery and
perjury were the result of a conspiracy between the beneficiaries
under the will and the proponents thereof is immaterial, and could
not operate to change what would otherwise be intrinsic fraud into
extrinsic fraud.

ID.—NOTICE OF APPLICATION FOR PROBATE—NON-RESIDENT HEIRS—DUE
PROCESS OF LAW.—A notice of an application for the probate of
a will, given by publication for a period of ten days, as provided by
section 1303 of the Code of Civil Procedure, does not operate, as to
a non-resident heir having no actual notice and so situated as not
to be able to receive the notice in time to appear and contest the
probate on the original hearing, to deprive him of his property
without due process of law. Inasmuch as the rights of the non-
resident heir are in no way concluded by the decree rendered on the
original hearing, he having an entire year thereafter in which to
attack the will on the same grounds and for the same reasons that
he could attack it before probate, the measure of evidence demanded
of him for a successful attack being no different in the two cases,
due process of law is in no degree denied to the non-resident heir by
the provision as to notice of the original hearing.

ID.—CONSTITUTIONAL LAW—DIFFERENT MANNER OF NOTICE TO RESIDENT
AND NON-RESIDENT HEIRS.—Section 1304 of the Code of Civil Pro-
cedure, requiring, in addition to the constructive notice provided for
by section 1303, personal notice to be mailed to or personally served
on heirs of the testator residing in the state, but making no pro-
vision for such personal notice to non-resident heirs, is not violative
of the fourteenth amendment of the federal constitution, as dis-
criminating against non-residents. The very fact that one is a non-
resident of the state is, from the necessities of the case, a sufficient
reason for a difference in the manner of notice. If the manner of
notice provided for an absent party is reasonable and adequate for
that purpose, he cannot complain thereof on the mere ground that

it is different from the notice provided for residents. He has not been deprived of due process of law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

William T. Baggett, and George W. Monteith, for Appellant.

Campbell, Metson & Campbell, and Thomas H. Breeze, for Respondents.

THE COURT.—This is an appeal from a judgment in favor of defendants, given upon sustaining a demurrer to plaintiff's amended complaint. The action was one in equity to obtain a decree adjudging defendants, Elizabeth Muir and Isabella Curtis, to hold certain property distributed to them by decrees of partial distribution in the matter of the estate of one Jacob Z. Davis, deceased, as trustees for plaintiff, a daughter of a deceased brother of said Davis and one of his heirs at law, and the other heirs at law. The distribution to defendants was in accord with the terms of a document purporting to be the holographic will of said deceased, which was filed for probate in the superior court of the city and county of San Francisco upon November 16, 1896, and which, after contest instituted and maintained by certain heirs not including plaintiff, was, upon August 15, 1897, admitted to probate as the last will of deceased. Within the year after probate allowed for contest, a contest was instituted by heirs other than plaintiff, which was on stipulation of the parties thereto dismissed, and the probate of the will was never revoked.

The main basis of plaintiff's claim, that defendants should be held to be trustees as to the property so distributed to them, is that the will so admitted to probate was in fact a forgery, made by defendants and divers other persons pursuant to a conspiracy to obtain for defendants, by means of a forged will, the property of Davis, and that such persons, in the carrying into effect of such conspiracy, offered such forged will for probate, and procured the probate thereof by means of false and perjured testimony, the fraudulent con-

cealment from the court of genuine writings of the deceased which would have shown the forgery, and the fraudulent procurement by the conspirators of three of their secret agents and co-conspirators upon the jury which tried the contest before probate and rendered the verdict sustaining the will. Plaintiff was not a party to such contest, and never appeared in the probate proceeding until August 18, 1900, when she filed her petition contesting the validity of said will and asking that the probate thereof be revoked upon the same ground now urged in behalf of the pending proceeding. A demurrer to her petition was sustained and relief denied by the probate court, and upon appeal to this court the ruling of the lower court was affirmed, it being held that notwithstanding the residence of plaintiff outside of the country, her failure to contest within a year after the decree of probate was made barred her from the relief sought in the probate proceeding. (*Estate of Davis,* 136 Cal. 590, 594, [69 Pac. 412].) At the time of the death of Davis, the offering of the will for probate and the probate thereof, "and for a long time thereafter," plaintiff was an actual resident and inhabitant of the city of Honolulu, in the then republic of Hawaii. She did not learn of the conspiracy or discover any of the frauds until May 1, 1900. She subsequently filed a petition to revoke the probate heretofore mentioned. The defendants were not heirs at law of Davis, being merely nieces of his deceased wife. The notices given of the original application for probate were given in full accord with the statutes of this state relative to such notices, but plaintiff also alleges that these statutes, as to non-residents of the state, are unconstitutional and void, in that they are repugnant to the constitutional guaranty of due process of law, and deny persons subject to the jurisdiction of the state the equal protection of its laws.

This is substantially, so far as is material, the case made by the amended complaint. Fraud in obtaining the decrees of partial distribution is also alleged, but we do not regard these allegations important if the probate of the will cannot be successfully attacked in some way. As already stated, such decrees of distribution were in strict accord with the terms of the will, and necessarily followed the decree admitting the will to probate. Unless plaintiff can succeed in charging defendants as trustees because of the fraudulent procurement

of probate of a forged will, it is clear that she must fail, for she can have no independent right to complain of a distribution in full accord with the terms of a will, the probate of which has not been revoked, and which is unassailable either by proceedings to revoke the probate or in an equitable action to have the distributees thereunder decreed to be trustees for her. (See *In re Davis's Estate, ante,* p. 318, [86 Pac. 183, 186].)

Passing for the moment the question as to the validity of our statute relative to the notice to be given of an application for probate of a will, and assuming that the probate court had jurisdiction of the proceedings as against this plaintiff, the question presented is whether an action in equity can be maintained for the purpose of having the beneficiaries under a forged will, the probate of which has been obtained by such frauds as are alleged in the amended complaint, declared trustees for those who would but for such will have succeeded to the estate.

It is to be stated at the outset, that, in view of the provisions of our statutes relative to probate of wills, it is manifest that plaintiff could not have been injured by the frauds alleged to have been perpetrated on the trial of the contest before probate for the purpose of securing a verdict sustaining the will, and is in no position to complain thereof. This includes, of course, the alleged fraudulent introduction of certain agents of the conspirators upon the jury which tried that contest. Plaintiff was not a party to that contest, and was in no degree estopped or concluded by the result thereof. (*Estate of Cunningham,* 54 Cal. 556.) The only effect as to her of the decree entered upon that contest was to fix the limit of time within which she might herself contest the will. Under the express terms of the statute, she could at any time within one year after the probate have contested the will upon any of the grounds that could have been urged against it before probate, and upon such contest no different measure of evidence or manner of procedure from that required before probate was essential to a successful attack. (See *Estate of Latour,* 140 Cal. 414, 421, 437, [73 Pac. 1070, 74 Pac. 441].) If on such a contest after probate, the genuineness of the will is not sufficiently proved, the probate must be annulled and revoked. (Code Civ. Proc., secs. 1327, 1329, 1330.)

It must also be borne in mind that, under the allegations of the amended complaint, neither of the defendants nor any of their alleged co-conspirators sustained any fiduciary relation to the plaintiff, or the other heirs at law. They were absolute strangers, asserting as against the world the genuineness of an instrument which would give the beneficiaries under the will the property of the deceased as against the heirs, and they occupied no position of trust or confidence which imposed upon them any special duty as to plaintiff.

It is further to be observed that the amended complaint is destitute of allegation of any act on the part of any of the alleged conspirators, the effect of which could have been to prevent the plaintiff from appearing in the probate court at any time within one year after the probate, and contesting the will upon all or any of the grounds specified in the statute, including the very ground upon which she here bases her claim,—viz. that the will had never been executed by the deceased, but was a forgery.

It is also to be noted that there is no allegation that plaintiff had not learned, prior to the offer of the alleged will for probate, of the death of deceased, or that she did not then know that he was, at the time of his death, a resident of the city and county of San Francisco, and it was not alleged that she did not have actual knowledge of the admission of the will to probate in ample time to have enabled her to contest it within the year after probate. Her complaint appears to have been carefully drawn with a view to excluding anything like an allegation of want of actual knowledge within such year of such proceedings in the matter of said estate as were matters of public record, except in regard to the petition for revocation filed within the year by Anna Wilson and others, which it is alleged she did not know of until August 14, 1900. Her general allegations in regard to want of knowledge are, that at the time of the death of deceased and up to the time of the admissions of the alleged will to probate, August 17, 1897, "and for a long time thereafter," she was actually living in Honolulu, and that, prior to May 1, 1900, "she did not know of the conspiracy hereinbefore mentioned, nor of any fact or circumstance connected therewith, nor did she know of the forgery of said will, nor that the same was not genuine, nor did she have any knowledge whatever prior to

CLI Cal.—24

that date of any fraud, conspiracy, deception or concealment specified and referred to in paragraph V of this complaint.'' There is in this no allegation of want of actual knowledge within the year after probate of such court proceedings in the matter of the estate as were evidenced by the records of the court, the allegations being confined to actual knowledge as to the conspiracy, and the forgery and the falsity of the alleged will, and the fraud, deception, and concealment practiced in obtaining its admission to probate. In the absence of positive averment to the contrary, it must be presumed that plaintiff had actual knowledge of the order admitting the will to probate made nearly a year after its offer for probate, either at the time it was made, or very shortly thereafter and within time for contest. (See *Hecht* v. *Slaney,* 72 Cal. 363, [14 Pac. 88]; *Tynan* v. *Kern,* 119 Cal. 451, [51 Pac. 693].)

Whatever might be the effect of the presence of some such feature in the case, we are satisfied that, under the circumstances above stated, the unrevoked probate decree must now be accepted as conclusive upon the question of the genuineness of the will. If plaintiff cannot be allowed in this action to show that the will was not the genuine will of deceased, it is needless to say that no cause of action cognizable by a court of equity is stated by her amended complaint.

It appears to be firmly settled by the overwhelming weight of authority that, under such a system as exists in this state for the admission of wills to probate, the determination of the question of the genuineness of an instrument purporting to be a will is solely and exclusively for the court to which the proof of wills is confided, and that its decision therein is final and conclusive, and in the absence of ''state law, statutory or customary,'' providing otherwise (*O'Callaghan* v. *O'Brien,* 199 U. S. 89, [25 Sup. Ct. 727]), not subject, except on an appeal to a higher court, to be questioned in any other court, or to be set aside or vacated by the court of chancery on any ground. (*State* v. *McGlynn,* 20 Cal. 233, 266, [81 Am. Dec. 118]; *Broderick Will Case,* 21 Wall. 503, and authorities there cited; *Langdon* v. *Blackburn,* 109 Cal. 19, [41 Pac. 814].) Under this rule, as long as the probate stands the will must be recognized and admitted in *all* courts to be valid, the unrevoked decree of probate standing as absolute and conclusive proof of its genuineness. This rule is stated to be an excep-

tion to the general doctrine that a court of equity may set aside judgments obtained by fraud or mistake, and it has been suggested by some of the courts and writers that no satisfactory ground can be discovered for such an exception. However this may be, it is a rule that is firmly established by the authorities, and one that has been declared and applied by this court. In the leading case of *State* v. *McGlynn,* 20 Cal. 233, [81 Am. Dec. 118], the matter was exhaustively discussed and the authorities reviewed. It is unnecessary to here restate the reasoning of the court in that case, or to attempt to add thereto. In the *Broderick Will Case,* 21 Wall. 503, upon a full discussion of the question, it was held by the United States supreme court, as stated by this court in *Langdon* v. *Blackburn,* 109 Cal. 19, [41 Pac. 814], that ''a court of equity has no jurisdiction to avoid a will or to set aside the probate thereof on the ground of fraud, mistake, or forgery, this being within the exclusive jurisdiction of the courts of probate; and also that a court of equity will not give relief by charging the executor of a will or a legatee with a trust in favor of a third person, alleged to be defrauded by the forged or fraudulent will, where the court of probate could afford relief by refusing probate of the will in whole or in part.'' This rule we take to be absolute, at least in every case where there has been no breach of duty arising from a fiduciary relation on the part of those securing the probate of the will, no such extraneous fraud as operates to prevent the heir from appearing in the probate court and there contesting the will and exhibiting fully his case against the same, and no lack of actual knowledge of the pendency of the probate proceeding operating to deprive the heir of an opportunity to so appear in the probate court and make his contest. The case of such lack of actual knowledge is stated as a possible exception, in view of the doctrine declared in *Dunlap* v. *Steere,* 92 Cal. 344, [27 Am. St. Rep. 143, 28 Pac. 563], and in *Parsons* v. *Weis,* 144 Cal. 410, [77 Pac. 1007], to the effect that when a judgment has been obtained upon a false and fraudulent claim upon constructive service of summons, and the party against whom it is obtained had no actual notice of the pendency of the action in time to appear therein and set up his defense, a court of equity will relieve such party from the judgment, and because it has been suggested

here that this doctrine may be applicable in the matter of a decree admitting a will to probate. In some or perhaps all of the cases just suggested, equity might grant some appropriate relief as between the parties, if the complaining party has not been guilty of laches, but as to this we do not decide. This is not such a case.

A proceeding for the probate of a will is a proceeding *in rem.*

By the offer of the will for probate, the proponents tender to the world the issue as to its genuineness. Any person interested may appear and contest the instrument so offered upon various grounds, including all grounds substantially affecting its validity or the question of its due execution. Failing to appear and contest before probate, the right exists for a full year after probate. One who must be held to have had actual notice of the proceedings in time to make his contest, and who fails to take advantage of the opportunity afforded of opposing the will by appearing and contesting within the time allowed by law, must, at least unless he can be held to have been prevented from so appearing and contesting by some fraud of those procuring the probate, be held concluded by the decree as to any matter concerning which he could have obtained relief by a contest. It can be no excuse for his failure to appear and contest that he did not know that the alleged will was not genuine. That it was genuine was one of the very issues tendered him by his adversary, which he was called upon to meet within the time allowed by law, or forever thereafter admit.

The three California cases relied on by plaintiff, *Sohler* v. *Sohler,* 135 Cal. 323, [87 Am. St. Rep. 98, 67 Pac. 282]; *Aldrich* v. *Barton,* 138 Cal. 220, [94 Am. St. Rep. 43, 71 Pac. 169]; and *Silva* v. *Santos,* 138 Cal. 536, [71 Pac. 703], are not in point here. None of them involved any question as to the effect of a decree admitting a will to probate. In addition to this, there was present in the first two cases fraud operating to prevent the injured party from presenting his case in the original proceeding, while in all of the cases the persons whose misconduct was held sufficient to impose an involuntary trust upon the beneficiaries of their acts sustained a fiduciary relation to the persons defrauded. This is disputed by counsel for plaintiff as to the case of *Sohler* v.

*Sohler,* but an examination of the opinion will show that the statement in the opinion of the learned judge of the trial court to that effect is correct. The statement of Mr. Pomeroy in his Equity Jurisprudence (sec. 919), that where "a probate is obtained by fraud, equity may declare the executor or other person deriving title under it, a trustee for the party defrauded," must be taken as referring only to such cases as those we have already referred to as possible exceptions to the rule. Such was the case of *Barnsley* v. *Powell,* 1 Ves. Sr. 284, cited by him, where a deed of consent to the probate had been fraudulently procured. It cannot be held to include such frauds as could have been relieved against by the probate court by refusing the probate of the will, where the injured party had actual notice of the probate proceeding in time to make his contest, and was not prevented from so doing by some fraud of the other party.

The allegations as to conspiracy add nothing to the legal effect of plaintiff's complaint. The sum and substance of that complaint is that she has been deprived of property to which she would have succeeded as heir, by means of a false and forged will, established in the court having the jurisdiction to determine as to its validity by perjured testimony. Whether or not the forgery and perjury were the result of a conspiracy appears to be entirely immaterial in determining her rights to pursue the property in the hands of the beneficiaries. We are unable to see, as suggested by counsel for plaintiff, that such a conspiracy could operate to change what would otherwise be intrinsic fraud into extrinsic fraud. (See *Pico* v. *Cohn,* 91 Cal. 129, 134, [25 Am. St. Rep. 159, 25 Pac. 970, 27 Pac. 537].)

The alleged invalidity of our statute relative to the notice to be given of an application for probate of a will (Code Civ. Proc., secs. 1303, 1304) as to non-residents who have no actual notice, is principally based upon the claim that the notice thereby provided for is wholly inadequate to enable one situated as was this plaintiff, in any contingency, to receive the notice in time to appear and contest the probate of the will on the original hearing. The notice provided by section 1303 of the Code of Civil Procedure is one of at least ten days, the same to be given publication. Plaintiff was at that time a resident of Honolulu, in the then republic of Hawaii, and

could not have received the notice in time to permit her to so appear. The effect of a provision making such notice sufficient is, it is urged, to deprive one situated as was this plaintiff of her property without due process of law. This particular contention has been before made in this court by this appellant, and overruled. It was held in *Estate of Davis,* 136 Cal. 590, 597, [69 Pac. 412], that inasmuch as the rights of the non-resident heir are in no way concluded by the decree, he having an entire year thereafter in which to attack the will on the same grounds and for the same reasons that he could attack it before probate, the measure of evidence demanded of him for a successful attack being no different in the two cases, due process of law is in no degree denied to the non-resident heir by the provision as to notice of the original hearing. This ruling was affirmed in *In re Davis's Estate, ante,* p. 318, [86 Pac. 183], the court saying: ''Whether or not this be a proper case for applying the doctrine of *res adjudicata* or that of the law of the case, we are satisfied with the conclusion reached and adhere to it.'' In *O'Callaghan* v. *O'Brien,* 199 U. S. 89, 117, [25 Sup. Ct. 727], the United States supreme court has decided a practically similar question in the same way. That case arose under the laws of Washington, the claim being made that the failure to give notice of an application for the probate of a nuncupative will, as required by the statute, made the admission to probate of such will a violation of the due-process clause of the fourteenth amendment to the constitution of the United States. The laws of Washington as to a contest within one year after probate were substantially similar to ours. It was held that, conceding for the purposes of argument that absence of notice might afford substantial ground to contend that rights protected by the constitution of the United States had been violated, if by its omission the parties were deprived of or lost their right to deny the will or question its probate, the full right given by the statute was a complete answer to the claim made under the federal constitution.

The further contention that section 1304 of the Code of Civil Procedure, requiring, in addition to the constructive notice provided for, personal notice to be mailed to or personally served on heirs of the testator residing in the state, but making no provision for such personal notice to non-

resident heirs, is violative of the fourteenth amendment of the federal constitution, as discriminating against non-residents, we think to be entirely without merit. The very fact that one is a non-resident of the state is, from the necessities of the case, a sufficient reason for a difference in the manner of notice, and has always been recognized as such. If the manner of notice provided for an absent party is reasonable and adequate for that purpose, he cannot complain thereof on the mere ground that it is different from the notice provided for residents. He has not been deprived of due process of law. (See, also, *Estate of Davis,* 136 Cal. 590, 595, [69 Pac. 412].) The other federal questions suggested are disposed of by what has already been said upon the merits of the case.

For the reasons given above, the amended complaint failed to state a cause of action.

The judgment appealed from is affirmed.

Beatty, C. J., concurred in the judgment.