[Civ. No. 7002. Third Dist. Mar. 29, 1944.]

LILIAN ROGERS, as Trustee in Bankruptcy, etc., Appellant, v. LLOYD H. MULKEY et al., Respondents; MERCANTILE ACCEPTANCE CORPORATION OF CALIFORNIA (a Corporation), Cross-Defendant and Appellant.

J. Albert Hutchinson and Albert M. King for Appellants.

J. Oscar Goldstein and Burton J. Goldstein for Respondents.

SCHOTTKY, J. pro tem.—Appellant Rogers, as trustee in bankruptcy of the estate of one Gus R. Smith who was adjudicated a bankrupt on April 24, 1941, commenced an action against respondents in which appellant sought to have a grant deed to certain real property in Butte County, executed by the bankrupt Smith to respondents, dated December 5, 1938, and recorded December 10, 1938, declared to be a mortgage with right of redemption. Appellant also sought in the same action to have said deed declared void as being in fraud of creditors and also sought to set aside a judgment entered on July 17, 1939, quieting respondents' title to said property against said bankrupt.

Respondents in their answer denied that the deed in question was intended as a mortgage or as other than an unconditional conveyance, denied that it was for the purpose of defrauding creditors, and denied that they had concealed any facts from the court in the action to quiet title. They also filed a cross-complaint in which they sought to quiet their title against appellant trustee in bankruptcy and also against appellant Mercantile Acceptance Corporation which had attached the property prior to the bankruptcy proceedings.

Following a trial before the court without a jury, the court found in favor of respondents on all issues, and judgment was entered that appellant trustee take nothing by reason of her complaint and that respondents are the owners of the property in question and that appellants have no interest therein. This appeal is from said judgment.

Appellants attack the judgment as being unsupported by and contrary to the evidence. Their principal contentions are that the deed and defeasance must be considered a mortgage, and further that the transaction was intended to hinder, delay and defraud creditors and was therefore void. Appellants also contend that the quiet title action was a fraud upon the court in that action because the loan was concealed, and that the trial court should have declared the quiet title judgment invalid.

Bearing in mind the familiar rule that the evidence must be construed most strongly against the losing party and that every favorable inference and presumption which may fairly be deduced from the evidence should be resolved in favor of the judgment of the court, and that the prevailing party's evidence must ordinarily be accepted as true, and that evidence which is contradictory to it must be disregarded, we shall proceed to give a brief summary of the salient facts as shown by the record.

In August, 1938, the bankrupt Smith was the owner of the land in question, subject to a $6,000 deed of trust in favor of the Bank of America. Smith had been friendly with respondents for a number of years but had had no business dealings with them. Smith was running for sheriff of Butte County and, needing some money for his campaign, sought a loan from respondent Lloyd H. Mulkey, who loaned him $1,000 upon a second deed of trust upon said property, said deed of trust being dated August 22, 1938. Smith was unsuccessful in his campaign and was in need of more funds and sought them from Mulkey. Smith wanted to obtain $833 more and wanted to increase the loan under the second deed of trust, but Mulkey, according to his testimony, refused to do so and insisted that he would not advance Smith any more money unless he got absolute title to the ranch, and that he would then give Smith ninety days' time within which to purchase it under an option agreement. Respondent Mulkey testified:

"I can explain it very easily. I loaned Mr. Smith, I believe, five hundred, I can't recall the exact amounts, sir, it was four years ago. I loaned him so much money and he came back for another loan. I told him at that time that it was utterly impossible I couldn't do it. I can prove that at that time I had gotten money myself which I was paying seven per cent interest on. And he needed it very badly he said and so he told me he would give me the ranch and take an option on it. So I took the ranch and gave him an option for ninety days and told him before Mr. Herbert Whitten, 'I don't want anything to happen at the end of the ninety days, I don't want any hard feelings about this deal.' He said, 'There won't be, Mr. Mulkey.' And I gave him an extension at the end of that time."

Smith and Mulkey then went to the law office of Smith's attorney, Herbert Whitten, in Chico, December 5, 1938, and

Whitten prepared a deed of the property from Smith to respondents and an option agreement in which respondents gave Smith the option to buy said property from respondents at any time up to and including March 6, 1939, upon payment of the sum of $1,833.26, being the sum of $1,000 which Mulkey had previously advanced and the sum of $833.26 which he paid in Whitten's office at the time the above instruments were executed. The deed was recorded on December 10, 1938. At the same time respondents authorized a reconveyance of the second deed of trust. Smith testified that he paid Mulkey the interest on the $1,833.26, but this was denied by Mulkey and no receipts or checks showing such payment were produced by Smith to show any payment of interest after the date of the deed. Shortly before March 6, 1939, Smith requested an extension of the option for ninety days and this extension was prepared by Smith's attorney and executed by respondents on March 6, 1939, and read as follows: "The option period granted to Gus R. Smith in the within instrument is hereby extended for ninety (90) days beyond March 6, 1939." Smith did not exercise the option within the extended period and on June 9, 1939, respondents commenced an action against Smith to quiet their title to the property. Smith was served with complaint and summons but did not appear and his default was entered. Smith himself testified that Mulkey told him three days before the quiet title action was filed that he was going to take action because Smith had failed to exercise the option; and also testified that no one told him not to defend the suit, and that he did not appear in the action because "he had no money to fight the thing with." At the hearing of the action to quiet title Lloyd Mulkey testified and the deed and option were introduced in evidence, and a judgment and decree quieting title was entered. Respondents thereupon entered into possession of the real property in question and thereafter collected the rent from the tenant, the rent having been paid to Smith up to the time of the judgment quieting title. No appeal was taken from the decree quieting title, and no motion was made to set it aside under section 473 of the Code of Civil Procedure. On April 23, 1941, Smith filed a voluntary petition in bankruptcy and was adjudicated a bankrupt, and appellant Rogers, who was appointed trustee of said bankrupt estate, commenced this action against respondents on October 30, 1941.

■ Practically the entire record consisted of documentary evidence and of the testimony of the bankrupt Smith and respondent Lloyd H. Mulkey, and there was considerable conflict between their testimony; but it was for the trial court, who heard the testimony and observed the witnesses, to weigh the conflicting testimony of these witnesses. The trial court reached the conclusion that the transaction was not intended as a mortgage but that the intention was to deed the property absolutely to respondents with an option to Smith to repurchase it. The following language in the opinion of the trial court is fully supported by the record:

"The mere recital of the salient historical facts shown in the record herein by the documentary and oral testimony would appear to refute the contention of the plaintiff that Mr. Smith or Mr. Mulkey had any idea or intention that the deed and option was either agreed to or was to be considered a security transaction, or that the deed considered with the option could be held to be in effect a mortgage. Mr. Smith was a mature man of considerable business experience; he had his own attorney to whom he could have applied for advice when on June 6th, 1939, Mr. Mulkey asserted ownership to him of this property; when Mr. Mulkey had him served with summons and complaint in the quiet title action; when Mr. Mulkey took possession of the property and exercised acts of ownership over the property and claimed to own the property freed from any interest of Mr. Smith; or when Mr. Mulkey renewed the trust deed on the property. On the contrary, so far as the record herein indicates, he was inactive and quiescent in regard to the claims of defendant of ownership of the property until he testified in this case, and even then it is not recalled he testified that the transaction was one of a security nature rather than a definite transfer to the grantee with an option back to purchase the property for a specific sum of money. His entire attitude and inaction has been entirely consistent with the theory that he had theretofore unconditionally deeded the property to Mulkey and took back an option to purchase. The only inference to be drawn from his inactivity and failure to seek to regain the property which is now claimed for him for the benefit of his creditors, was solely based upon his then honest conviction that he knew he had irrevocably parted with title to the property and had no further rights therein."

Appellants contend most earnestly that under the evidence

it is clearly shown that the deed and defeasance here involved were intended to be a mortgage. If we could agree that the only construction that could be placed upon the evidence is the one that is placed upon it by appellants, we might agree with this contention. But, unfortunately for appellants, the record gives strong support to the construction placed upon the transaction by the trial court.

■ It is, of course, true, as declared by our Supreme Court in *Woods* v. *Jensen,* 130 Cal. 200, at page 203 [62 P. 473] :

"That a deed purporting on its face to convey the title absolutely may be shown by parol evidence to be something else—namely, a mortgage—is a striking exception to the general rule, and it has been universally held that the character of the instrument cannot be thus changed except upon clear and convincing evidence."

It has been declared repeatedly by our decisions that clear and convincing evidence is required to justify a court in finding that a deed which purports to convey land absolutely in fee simple was intended to be a mortgage. (See *Mahoney* v. *Bostwick,* 96 Cal. 53 [30 P. 1020, 31 Am.St.Rep. 175] ; *Sheehan* v. *Sullivan,* 126 Cal. 189 [58 P. 543] ; *Emery* v. *Lowe,* 140 Cal. 379 [73 P. 981] ; *Wadleigh* v. *Phelps,* 149 Cal. 627 [87 P. 93] ; *Couts* v. *Winston,* 153 Cal. 686 [96 P. 357] ; *Todd* v. *Todd,* 164 Cal. 255 [128 P. 413] ; *Kohn* v. *Parent,* 174 Cal. 570 [163 P. 1008] ; *Lockhart* v. *J. H. McDougall Co.,* 190 Cal. 308 [212 P. 1] ; *Carlson* v. *Robinson,* 7 Cal. 2d 235 [60 P.2d 426].) ■ But whether or not the evidence offered to change what appears to be the character of the instrument is clear and convincing is a question for the trial court to decide. (*Mahoney* v. *Bostwick, supra; Lockhart* v. *J. H. McDougall Co., supra;* 17 Cal.Jur. 757, sec. 59.) In such case, as in others, the determination of that court in favor of either party upon conflicting or contradictory evidence is not open to review upon appeal. (*Sherman* v. *Sandell,* 106 Cal. 373 [39 P. 797] ; *Locke* v. *Moulton,* 132 Cal. 145 [64 P. 87] ; *Beckman* v. *Waters,* 161 Cal. 581 [119 P. 922] ; 17 Cal.Jur. 758, sec. 60.) As was said in this regard in *Wadleigh* v. *Phelps, supra,* 149 Cal. at page 637, "the appellate court . . . will not disturb the finding of the trial court to the effect that the deed is a mortgage, where there is substantial evidence warranting a clear and satisfactory

conviction to that effect. All questions as to preponderance and conflict of evidence are for the trial court.''

■ Appellants' second contention that the deed of the property from Smith to respondents was intended to hinder, delay and defraud creditors, likewise cannot be sustained. Respondent Lloyd H. Mulkey denied that he knew anything about any creditors of Smith other than that Smith owed some money to his landlord, and there is no testimony by Smith or anyone else from which it could reasonably be inferred that there was any intention by either Smith or Mulkey to defraud any creditors. The trial court found contrary to this contention of appellants and such finding is amply supported by the record.

■ Appellants, no doubt realizing that the judgment quieting title, unless declared invalid or set aside, would be a complete defense against the instant action, alleged in paragraph V of the complaint that ''on or about the 9th day of June, 1939, the defendant, LLOYD H. MULKEY, commenced a pretended action in the above entitled court, entitled '*Lloyd H. Mulkey, Plaintiff, vs. Gus R. Smith, et al., Defendants,*' and numbered therein '17536', alleging in his certain complaint filed therein that the bankrupt had or claimed some interest in and to said property; that he had none, and praying for a decree declaring that the bankrupt had no interest in or to said real property; that said complaint did not allege in substance or effect the existence of said defeasance, said loan, or said extensions of time for the payment of the same; that defendant Lloyd H. Mulkey failed to exhibit to and concealed from said Court the existence and purpose of said defeasance or the existence of said loan; that the bankrupt was served with complaint and summons in said action, but did not appear and did not file an answer therein; that thereafter and on or about the 17th day of July, 1939, said Court made and entered its purported judgment in said action, purporting to quiet defendant Lloyd H. Mulkey's title to said real property.'' And as part of the relief sought in the prayer of her complaint in the instant action appellant Rogers asked that the said judgment quieting title be set aside. Said appellant sought by these allegations to make her action, in part at least, an independent action in equity to set aside the said judgment quieting title. Even if it should be held that the allegations were sufficient for that purpose, a point which it is unnecessary for us to

decide here, the court found that such allegations of fraud and concealment were untrue, and we must hold that said findings find strong support in the record. The record shows that the deed and option, or defeasance, were introduced as exhibits in the quieting title action, and as we have herein-before pointed out, the court found upon sufficient evidence that the transaction was not a loan but was an absolute conveyance subject only to Smith's option to purchase, which option was not exercised.

Furthermore, after the time for an appeal has expired, and after the six months' period set forth in section 473 has expired, a judgment of a court can only be set aside in an independent action in equity if there has been extrinsic fraud or mistake. The following language from *Westphal* v. *Westphal,* 20 Cal.2d 393, at page 397 [126 P.2d 105], is a further answer to appellants' contention that the judgment in the quieting action should be set aside:

"The final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired only if the alleged fraud or mistake is extrinsic rather than intrinsic. (*United States* v. *Throckmorton,* 98 U.S. 61 [25 L. Ed. 93]; *In Re Griffith,* 84 Cal. 107 [23 P. 528, 24 P. 381]; *Pico* v. *Cohn,* 91 Cal. 129 [25 P. 970, 27 P. 537, 25 Am.St. Rep. 159, 13 L.R.A. 336]; *Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564].) Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. (*Caldwell* v. *Taylor,* 218 Cal. 471 [23 P.2d 758, 88 A.L.R. 1194]; *Tracy* v. *Muir,* 151 Cal. 363 [90 P. 832, 121 Am.St.Rep. 117]; *Bacon* v. *Bacon,* 150 Cal. 477 [89 P. 317]; *Sohler* v. *Sohler,* 135 Cal. 323 [67 P. 282, 87 Am.St.Rep. 98]. See 23 Cal.L.Rev. 80; 9 Cal.L.Rev. 156.) If an unsuccessful party to an action has been kept in ignorance thereof (*Purinton* v. *Dyson,* 8 Cal.2d 322 65 P.2d 777, 113 A.L.R. 1230]; *Zaremba* v. *Woods,* 17 Cal. App.2d 309 [61 P.2d 976]) or has been prevented from fully participating therein (*Caldwell* v. *Taylor, supra*), there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any

fraud attempted by his adversary. (*Tracy* v. *Muir*, 151 Cal. 363 [90 P. 832, 121 Am.St.Rep. 117] ; *Abels* v. *Frey*, 126 Cal. App. 48 [14 P.2d 594] ; *Langdon* v. *Blackburn*, 109 Cal. 19 [41 P. 814].) Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack. (*Langdon* v. *Blackburn*, 109 Cal. 19 [41 P. 814] ; *Tracy* v. *Muir*, 151 Cal. 363 [90 P. 832, 121 Am.St. Rep. 117] ; see *Eichhoff* v. *Eichhoff*, 107 Cal. 42, 48 [40 P. 24, 48 Am.St.Rep. 110].) ''

No other points urged in the briefs merit discussion. The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied April 27, 1944, and appellant's petition for a hearing by the Supreme Court was denied May 25, 1944.