[Civ. No. 16231.   Second Dist., Div. One.   Apr. 20, 1948.]

ADOLPH STARK, Appellant, v. ROSE MINTZ et al., Respondents.

Elon G. Galusha for Appellant.·

Norman A. Obrand for Respondents.

BARTLETT, J. pro tem.—The action is one to vacate a portion of a divorce decree rendered 14 years ago, insofar as that decree made disposition of certain real estate. ▮ The Third Amended Complaint alleges that in the action of *Stark* v. *Stark*, D-117, 728, the plaintiff in that action (the respondent Rose Mintz, formerly Rose Stark, in this case) alleged that the real property described in the complaint in this action was community property; that this allegation was false; that the property was acquired by appellant and the respondent in September 22, 1923, as joint tenants, "at which time they entered into possession of said premises as their home and homesteaded same and occupied same as such"; that plaintiff never entered into an agreement to change the character of the property but on information and belief, the judge who tried the case was never informed that said property was the separate property of appellant; that the defendant in that action, the appellant here, was present in court at the time of the trial and the court stated that plaintiff Rose Stark should have the right of the use and occupancy of the real estate and that in the event Rose Stark should remarry, the real estate should be his; that recently Rose Stark has remarried and now resides in Palm Springs, California; that "through mistake, inadvertence or otherwise" the decree as drawn, signed by the judge and entered, did not comply with the statement made concerning it orally by the court.

Appellant further alleges that by the decree in *Stark* v. *Stark* he was ordered by the court to execute a deed to the property in question but that he refused to do so and that following such refusal the court ordered the then Court Commissioner Kurtz Kauffman to do so in appellant's behalf, which was done on March 21, 1934, and the deed was recorded on that date. The Third Amended Complaint also alleges that the parties in *Stark* v. *Stark* owned other property which was community property, consisting of money and real estate in Brooklyn, N. Y., but that Rose Stark did not disclose this fact to the court. The complaint is silent as to whether any disposition of this property was made in the judgment. At any rate, no complaint is made concerning it.

The complaint then alleges certain claims of title made by the other respondents and asserts that those claims are without right.

It is apparent that this pleading stated no cause of action and that the court's ruling was correct. ■ A long line of decisions, from *Pico* v. *Cohn*, 91 Cal. 129 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336], to the present day, have held that a decree may be vacated for fraud only when that fraud is extrinsic or collateral to the questions examined and determined in the action. Here the appellant was deprived of no opportunity to present his case in court, nor was he in ignorance of the trial—in fact, he was present at the trial.

■ As to just what constitutes extrinsic fraud is clearly set forth in *Howard* v. *Howard*, 27 Cal.2d 319, at pp. 320, 321 [163 P.2d 439]:

"Defendant concedes that the divorce provisions of the Nevada decree are not open to attack, but he contends that the money provisions thereof are not binding, on the ground that they were obtained by extrinsic fraud. 'Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. (*Caldwell* v. *Taylor*, 218 Cal. 471 [23 P.2d 758, 88 A.L.R. 1194]; *Tracy* v. *Muir*, 151 Cal. 363 [90 P. 832, 121 Am.St.Rep. 117]; *Bacon* v. *Bacon*, 150 Cal. 477 [89 P. 317]; *Sohler* v. *Sohler*, 135 Cal. 323 [67 P. 282, 87 Am.St.Rep. 98]. See 23 Cal.L.Rev. 80; 9 Cal.L.Rev. 156.) If an unsuccessful party to an action has been kept in ignorance thereof (*Purinton* v. *Dyson*, 8 Cal.2d 332 [65 P.2d 777, 113 A.L.R. 1230]; *Zaremba* v. *Woods*, 17 Cal.App.2d 309 [61 P.2d 976]) or has been prevented from fully participating therein (*Caldwell* v. *Taylor*, *supra*, there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. (*Tracy* v. *Muir*, 151 Cal. 363 [90 P. 832, 121 Am.St.Rep. 117]; *Abels* v. *Frey*, 126 Cal.App. 48 [14 P.2d 594]; *Langdon* v. *Blackburn*, 109 Cal. 19 [41 P. 814].) Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack. (*Langdon* v. *Blackburn*, 109 Cal. 19 [41 P. 814]; *Tracy* v. *Muir*, 151 Cal. 363 [90 P. 832, 121 Am.St.Rep. 117]; see *Eichhoff* v. *Eichhoff*,

107 Cal. 42, 48 [40 P. 24, 48 Am.St.Rep. 110].)' (*Westphal* v. *Westphal*, 20 Cal.2d 393, 397 [126 P.2d 105].)''

Appellant cites many authorities to the effect that the court has power to set aside a judgment which is void on its face for lack of jurisdiction but that question is not involved in the case we have before us. There was nothing on the face of the record in *Stark* v. *Stark* indicating any lack of jurisdiction to make the decree rendered. Rose Stark alleged that the property involved was community property. The court found that it was, granted a divorce on the grounds of extreme cruelty and awarded her the property. With such a record pleaded in appellant's complaint there is no construction which could be placed upon the judgment that would enable it to be said that the judgment was void on its face.

The judgment is affirmed.

Doran, Acting P. J., and White, J., concurred.

A petition for a rehearing was denied May 6, 1948, and appellant's petition for a hearing by the Supreme Court was denied June 10, 1948.