[No. 18260.   Department Two.—July 11, 1895.]

GEORGE S. LOCKE, RESPONDENT, *v.* C. S. MOULTON ET AL., APPELLANTS.

EJECTMENT—DEFENSE—DEED INTENDED AS SECURITY—JURY TRIAL. —In an action of ejectment, affirmative allegations in the answer, to the effect that a deed from the defendant to the plaintiff, under which the plaintiff claims title, was intended as mere security for a debt, do not constitute an equitable defense, and add nothing to the denial of plaintiff's alleged title; but such affirmative allegations might be proved under the denial of title, without separate averment in the answer, and might have been stricken from the answer without impairing its legal effect.

ID.—PRAYER IN ANSWER—BASIS FOR AFFIRMATIVE RELIEF.—The fact that the answer prays that it be adjudged that the plaintiff is not the

CVIII. CAL.—4

owner of the land, and that the instrument in writing described in the answer was and is a mortgage, is immaterial, there being no basis in the answer for any affirmative relief, and any affirmative judgment that the deed is a mortgage would add nothing in effect to the simple judgment that plaintiff take nothing by the action.

APPEAL from an order of the Superior Court of San Joaquin County denying a new trial. JOSEPH H. BUDD, Judge.

The facts are stated in the opinion.

*Carter & Smith,* and *Frank H. Smith,* for Appellants.

The court erred in denying the defendants a jury trial. (*Locke* v. *Moulton,* 96 Cal. 32; *Smith* v. *Smith,* 80 Cal. 323; Code Civ. Proc., sec. 592; *Newman* v. *Duane,* 89 Cal. 597; *Donahue* v. *Meister,* 88 Cal. 122; 22 Am. St. Rep. 283; *Hughes* v. *Dunlap,* 91 Cal. 385; *Grim* v. *Norris,* 19 Cal. 140; 79 Am. Dec. 206; *North Pac. Coal Co.* v. *Snowden,* 42 Pa. St. 488; 82 Am. Dec. 530; Proffat on Jury Trial, secs. 90–2.)

*W. L. Dudley,* and *L. W. Elliott,* for Respondent.

The prayer of the answer shows that the defendant proceeded in equity. (*People* v. *Mier,* 24 Cal. 71; *Arrington* v. *Liscom,* 34 Cal. 375; 94 Am. Dec. 722; *Nevada etc. Co.* v. *Kidd,* 37 Cal. 304; *Smith* v. *Smith,* 80 Cal. 323.)

VANCLIEF, C.—Action of ejectment to recover possession of a half section of land. The complaint is in the most general form, alleging, in substance, that plaintiff owns, and is entitled to the possession of, the demanded premises, and that the defendants are in possession and wrongfully withhold it from the plaintiff.

In their answer the defendants deny that plaintiff ever owned the land, or that he was entitled to the possession thereof at the time of the commencement of the action; and, as a further answer, allege that on October 2, 1885, the defendant Moulton, who was then the owner and in possession of the land, executed to plaintiff a bargain and sale deed thereof, absolute in form, but which was intended by the parties thereto to operate

only as a mortgage to secure payment to plaintiff of a debt of six thousand one hundred and twenty-seven dollars and fifty cents with interest; and that it was understood and expressly agreed by the parties, at the time the deed was executed, that upon payment of the said debt the plaintiff would reconvey the land to Moulton. As a further answer the defendants alleged adverse possession for a period of five years, etc.

The answer closed with the following prayer: "Wherefore, defendants pray that plaintiff take nothing by reason of this action; that it be adjudged that plaintiff is not the owner of, or entitled to the possession of, the real property described in the complaint; that it be decreed that the instrument in writing herein described was and is a mortgage, and that the defendants have judgment for their costs."

A former judgment in favor of plaintiff in this case was reversed by this court and a new trial granted. (*Locke* v. *Moulton,* 96 Cal. 33). After the remittitur was filed in the court below, to wit, on the first Monday in October, 1892, the case was called by the lower court for the purpose of setting a day for the new trial thereof, when the attorneys for defendants demanded a trial by jury, whereupon the court stated "that the defendants could have a jury on the common-law part of the action, but the court itself would try the equity part of the case," to wit, the issue as to whether the deed was intended to operate merely as a security for a debt. On December 1, 1892, the case was called for trial, when the defendants again demanded a jury trial upon all the issues in the case. The court again refused a jury trial on the issue as to whether the deed was intended to be a mortgage, and proceeded to try that issue alone. The result of such trial was a finding by the court that the deed "was not executed or delivered as a mortgage, and was not a mortgage of any kind, and was not to secure the payment of any money whatever." And, as a conclusion of law, found "that said deed was not a mortgage, but that it was a conveyance and grant

of the title to said real estate from defendant Moulton to plaintiff." These findings were filed on December 27, 1892, and disposed of the only material issue except that as to adverse possession, upon which, it appears from evidence given on the issue tried, the defendants could not hope for a verdict in their favor.

Defendants moved for a new trial on all the grounds allowable under section 657 of the Code of Civil Procedure, presented by a bill of exceptions. This motion was denied, and the defendants appeal from the order denying it.

The only grounds upon which appellants claim a reversal are: 1. Insufficiency of the evidence to justify the decision; and 2. That the court erred in refusing a trial of all the issues by a jury.

As to the first of these grounds, I think the evidence was substantially conflicting to a degree which precludes a review of it by this court. But I think the court erred in denying a jury trial of the whole case.

The affirmative allegations in the answer, to the effect that the deed was intended as mere security for a debt, do not constitute an equitable defense in the proper sense of those terms, since they could have been proved under the general denials. (*Smith* v. *Smith*, 80 Cal. 329; *Locke* v. *Moulton, supra.*) They added nothing to the denials of plaintiff's alleged title. The defendants unnecessarily anticipated that plaintiff would rely upon the deed as evidence of his title, and improperly alleged the evidence by which they proposed to show that the deed did not convey the title. Of themselves, these affirmative allegations constituted neither a legal nor equitable defense to the action, and might have been stricken from the answer without impairing its legal effect.

But counsel for respondent contend that the character of the defenses is to be determined only by the prayer of the answer; and since defendants, in addition to their prayer "that plaintiff take nothing by the action," asked the court to adjudge that plaintiff is not the owner of the

land, and that the deed is a mortgage, this affirmative relief could be administered only by a court of equity, and therefore it was within the discretionary power of the court to refuse to submit to a jury that part of the case upon which such equitable relief was to be based.

In the first place it is manifest that there is no basis in the answer for any affirmative relief of any kind, and, in the second place, even if the court should affirmatively adjudge, on the pleadings in this case, that the deed is a mortgage, and that plaintiff has no title, such judgment would add nothing in effect to the simple judgment "that plaintiff take nothing by the action."

The only authorities cited to this point by counsel for respondent are *People* v. *Mier,* 24 Cal. 71, *Arrington* v. *Liscom,* 34 Cal. 375, 94 Am. Dec. 722, and *Nevada etc. Co.* v. *Kidd,* 37 Cal. 304; but that none of these is in point for respondent seems so obvious that I think it needless to point out the distinctions.

I think the order should be reversed and a new trial granted.

HAYNES, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the order is reversed and a new trial granted.

McFARLAND, J., HENSHAW, J., TEMPLE, J.

Hearing in Bank denied.