[Sac. No. 742.   Department One. — March 9, 1901.]

## GEORGE S. LOCKE, Appellant, v. C. S. MOULTON and S. M. McCLOUD and wife, Respondents.

EJECTMENT — LEGAL DEFENSE — DEED ABSOLUTE INTENDED AS A MORT-
GAGE — PAYMENT NOT REQUIRED — SUPPORT OF FINDINGS — APPEAL.
— A mortgagor and his grantee may legally defend an action of
ejectment brought by the mortgagee, who claims title under a deed
absolute in form, which was in fact intended as a mortgage to
secure indebtedness, upon a showing of the facts in the case. The
defense not being equitable, payment of the indebtedness is not
required. Where there was a substantial conflict in the evidence,
and the preponderance of evidence supported the findings for the
defendants, the judgment in their favor cannot be disturbed upon
appeal.

ID. — EVIDENCE — VALUE OF LAND. — Under the circumstances of the
case, it was not error to refuse an offer of the plaintiff to prove the
value of the land or its productive quality.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order denying a new trial.
Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

L. W. Elliott, and C. W. Buck, for Appellant.

Frank H. Smith, and Budd & Thompson, for Respondents.

VAN DYKE, J.— On the second day of October, 1885, the
defendant Moulton, who was then the owner of and in posses-
sion of the real property in controversy, executed and delivered
to the plaintiff a certain instrument in writing, purporting on
its face to be a deed of grant, bargain, and sale. The consid-
eration expressed was $1,500, and the instrument recited that
it was made subject to a deed of trust executed by said defend-
ant Moulton, December 17, 1884, to secure the Stockton Sav-
ings and Loan Society in the sum of $4,240 and interest. This
action was brought November 24, 1890, and is in the nature of
ejectment. In his answer, Moulton denies that the plaintiff
is or ever was the owner of the land described, or entitled to
the possession thereof, and as an affirmative defense alleges
CXXXII. Cal.— 10

that from the twenty-seventh day of April, 1870, to the fifteenth day of July, 1890, he was the owner in fee and in possession of said premises, and that on the latter date, for a valuable consideration, he conveyed said land to the defendant S. M. McCloud, and on that date executed and delivered to him a grant, bargain, and sale deed therefor; that the instrument executed and delivered to the plaintiff by him, said Moulton, on the second day of October, 1885, although in form a deed absolute, was in truth and in fact intended to be and was a mortgage to secure the payment of the sum of $6,127.50, with interest thereon at the rate of ten *per cent per annum*, which said sum was then and there owing from said defendant Moulton to the plaintiff, and said deed of conveyance was made and delivered only as a mortgage for the purpose of securing the payment to plaintiff of said sum of money, and for no other purpose whatever.

The case has been here before on two several occasions. On the first trial, judgment in the court below went for the plaintiff, and this court, on the appeal (*Locke* v. *Moulton*, 96 Cal. 21), held that the evidence was amply sufficient to justify the conclusion that the instrument in question was intended to be and was in fact a mortgage, the court saying, "As the mortgage, though in the form of a deed absolute, does not give the mortgagee the right of possession, it must follow that defendant Moulton, or his grantee McCloud, being the owner of the legal title, cannot be required to pay the debt for which the security was given, or offer to pay it to enable him to defeat the action brought by the plaintiff to recover possession," and reversed the judgment and ordered a new trial.

On the second trial, the defendants demanded a jury, which was denied, and judgment again entered in favor of the plaintiff. On appeal from this second judgment (*Locke* v. *Moulton*, 108 Cal. 49), it was reversed, on the ground, as said: "The affirmative allegations in the answer, to the effect that the deed was intended as security for a debt, do not constitute an equitable defense in the proper sense of those terms, since they could have been proved under the general denials."

On the last trial the court finds, in accordance with the affirmative allegations in the answer of defendant Moulton, that the deed in question was intended to be and was in fact a mortgage; that the consideration thereof was the sum of fifteen hundred dollars, borrowed by Moulton from the plaintiff,

and the taking up by the plaintiff of the trust deed previously executed by said defendant in favor of the Stockton Savings and Loan Society, and that the money so paid to the Stockton Savings and Loan Society was a part of the money loaned by the plaintiff to said Moulton; that said Moulton never delivered nor surrendered possession of the premises to the plaintiff, but always remained in the open and exclusive possession thereof until the fifteenth day of July, 1890, when he conveyed the same to the defendant McCloud, and that said McCloud has since been the owner of said property, and was such at the commencement of the action, and in the possession and entitled to the possession thereof. The testimony is substantially the same as it was on the first trial, when this court held it sufficient to establish the contention of the defendant that the deed in question was a mortgage, except that on the last trial the testimony of the plaintiff, taken at the second trial, was read. But this evidence of the plaintiff is rendered practically valueless on cross-examination, and is contradicted by accounts kept by plaintiff, wherein he charged interest on the amount forming the consideration of the deed, as for money loaned by him to defendant Moulton. His testimony is also contradicted by his own admissions and statements to other parties, who were witnesses on the trial.

Under the well-settled rule, the findings of the trial court must be allowed to stand, where there is a substantial conflict in the evidence; here, however, there is a preponderance of evidence in support of the findings.

Under the circumstances of the case it was not error to refuse plaintiff's offer to prove the value of the land in question, or its productive quality.

Judgment and order appealed from affirmed.

Garoutte, J., and Harrison, J., concurred.