[Civ. No. 31232. First Dist., Div. Three. May 24, 1974.]

ANTONIO AGUILAR, Plaintiff, Cross-defendant and Appellant, v. THOMAS BOCCI, Defendant, Cross-complainant and Respondent.

**COUNSEL**

William J. Scammon for Plaintiff, Cross-defendant and Appellant.

Frank L. Magnani and Daniel J. Modena for Defendant, Cross-complainant and Respondent.

**OPINION**

**DRAPER, P. J.**—In 1962, plaintiff was arrested and charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)). Through a relative, he secured the services of defendant attorney to represent him. On December 4, plaintiff signed a retainer agreement obligating himself to pay defendant a fee of $10,000. He also executed and delivered to defendant a deed of his home; the deed was recorded. In 1970, plaintiff filed this action seeking to quiet title to the property. He alleged that his deed to defendant was obtained by fraud and in violation of respondent's duty under the attorney-client relationship. Defendant pleaded the statute of limitations and, by cross-complaint, sought (a) to quiet title in himself to an undivided half interest in the property and (b) to recover the largely unpaid balance of his $10,000 fee.

It was conceded at trial and here that: plaintiff owned only a half inter-

est in the land at the time of his deed to defendant; he has since acquired the half interest then owned by his former wife; the deed to defendant was given only as security for payment of the agreed fee. Plaintiff pleaded the statute of limitations as to the fee. The trial court found that: the fee of $10,000 was reasonable; the deed was executed voluntarily, without undue influence, and when plaintiff fully understood all the facts; action on the fee claim was barred by the statute of limitations. Although the court made no specific finding thereon, the evidence is undisputed that plaintiff retained possession of the property at all times.

The trial court concluded that the parties are tenants in common of the disputed property, each owning one-half. It found the property not divisible in kind, and that partition must be effected only by sale and division of the proceeds. However, since it found the value of the land to be $10,000, it granted appellant 90 days to purchase respondent's interest for $5,000. Absent such payment, the property was to be sold and the proceeds divided equally. Plaintiff appeals.

The findings fully support the court's conclusion that the deed was freely and voluntarily executed, and that the fee was reasonable. Nor is there merit in appellant's assertion of inadequacy of the evidence to support the findings. The evidence is highly conflicting, but the trial court accepted that favorable to respondent.

■ However, for reasons not advanced by either party, the remedy granted is not available to either. It is undisputed that the deed was intended to create a security interest in the property. Thus an equitable mortgage was established (*Coast Bank* v. *Minderhout,* 61 Cal.2d 311, 313-315 [38 Cal.Rptr. 505, 392 P.2d 265]; *Locke* v. *Moulton,* 132 Cal. 145, 146 [64 P. 87]). A mortgage does not entitle the mortgagee to possession absent an express provision therefor in the mortgage (Civ. Code, § 2927). Thus the mortgagee cannot maintain an action for ejectment and the mortgagor can defend against an action for possession without paying or offering to pay the debt. (*Locke* v. *Moulton,* 96 Cal. 21, 32 [30 P. 957].) The mortgagee's remedy is by an action to foreclose. Here, however, the statute of limitations has run upon the debt and upon that remedy (Code Civ. Proc., § 337; *McMillan* v. *Hayward,* 94 Cal. 357, 359 [29 P. 774]). Thus respondent, as a mortgagee not in possession, has no present remedy, either to quiet title or secure possession.

This barring of respondent's remedy, however, does not mean that appellant can quiet title without discharging his debt. The cloud upon his title persists until the debt is paid. (*Burns* v. *Hiatt,* 149 Cal. 617, 620 [87 P. 196].) He is entitled to remain in possession, but cannot clear his title

without satisfying his debt. Thus each party has foreclosed himself from remedy through the courts, appellant by failing to pay the debt his property secures, and respondent by sleeping upon his rights.

Although both parties are left without available remedy for the present, self-interest should permit disposition by agreement, or the occurrence of events inevitable with the passage of time will break the impasse.

The judgment is reversed, with direction to the trial court to enter judgment for respondent upon the complaint and for appellant upon the cross-complaint.

Brown (H. C.), J., and Devine, J,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.