**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARGARET CARSWELL, Plaintiff - Appellant, v. JP MORGAN CHASE BANK N.A.; and CALIFORNIA RECONVEYANCE COMPANY, Defendants - Appellees. | No. 11-55423 D.C. No. 2:10-cv-05152-GW-PLA MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted November 7, 2012
Pasadena, California

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Margaret Carswell appeals the dismissal of her complaint. On de novo

review, Decker v. Advantage Fund Ltd., 362 F.3d 593, 595–96 (9th Cir. 2004), we

affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The district court properly dismissed the claim for wrongful foreclosure. Defendants had statutory authority to initiate nonjudicial foreclosure proceedings. Cal. Civ. Code § 2924(a)(1). Moreover, the statute does not allow a mortgagee to sue to determine authority to foreclose. Robinson v. Countrywide Home Loans, Inc., 130 Cal. Rptr. 3d 811, 814 (Ct. App. 2011); Gomes v. Countrywide Home Loans, Inc., 121 Cal. Rptr. 3d 819, 824 (Ct. App. 2011).

2. The district court properly dismissed the claim for unjust enrichment. Even if such a theory exists in California, compare Melchior v. New Line Prods., Inc., 131 Cal. Rptr. 2d 347, 357 (Ct. App. 2003) (holding that there is no cause of action in California for unjust enrichment), with Lectrodryer v. SeoulBank, 91 Cal. Rptr. 2d 881, 883–84 (Ct. App. 2000) (permitting an unjust enrichment claim to stand), JPMorgan Chase Bank ("Chase") was entitled to receive Plaintiff's loan payments because it was the loan servicer.

3. The district court properly dismissed the claim for violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA"). Plaintiff failed to allege (and cannot plausibly allege) any actual damage, which is required as an element of a RESPA claim. 12 U.S.C. § 2605(f)(1)(A).

4. The court properly dismissed the claim for violations of the Truth in Lending Act because it was time-barred. 15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th Cir. 1986).

5. The court properly dismissed the claim that Plaintiff's contract with Washington Mutual Bank ("WaMu") was void ab initio. Plaintiff cites no authority for the proposition that a contract is void ab initio when one of the parties to the contract did not disclose what it intended to do later with its economic interest in the contract. Nor are we aware of any such authority. WaMu's alleged intent to securitize the mortgage after it was entered into stood as no obstacle to contract formation.

6. The district court properly dismissed the claim for "fraud and concealment." A claim for fraud based on concealment requires that the defendant's concealment cause the plaintiff damages. Hahn v. Mirda, 54 Cal. Rptr. 3d 527, 532 (Ct. App. 2007). But any alleged failure by Chase to disclose information caused Plaintiff no damage; only her failure to pay the mortgage caused her damage.

7. The district court properly dismissed the quiet title claim. Plaintiff did not, and cannot plausibly, allege that she satisfied her payment obligations under

3

the deed of trust. Plaintiff cannot quiet title without satisfying her debt. Aguilar v. Bocci, 114 Cal. Rptr. 91, 92 (Ct. App. 1974).

8. The district court properly dismissed the claim for declaratory and injunctive relief, because Plaintiff has not pleaded a legally cognizable injury.

9. The district court properly dismissed the claim for slander of title. Statements made by Defendants in connection with the statutory nonjudicial foreclosure proceedings were privileged and cannot support a claim for slander of title. Kachlon v. Markowitz, 85 Cal. Rptr. 3d 532, 545 (Ct. App. 2008). Moreover, Plaintiff did not, and cannot plausibly, allege that any statement was without justification, which is an element of a slander of title claim. Seeley v. Seymour, 237 Cal. Rptr. 282, 288 (Ct. App. 1987).

10. The district court properly dismissed the claim for intentional infliction of emotional distress. That claim requires an allegation of extreme and outrageous conduct. Christensen v. Superior Court, 820 P.2d 181, 202 (Cal. 1991). The complaint does not allege that Defendants engaged in any such conduct.

11. Finally, the district court did not err in taking judicial notice of the contents of the Purchase and Assumption Agreement. We review for abuse of discretion a district court's decision whether to take judicial notice. Madeja v. Olympic Packers, LLC, 310 F.3d 628, 639 (9th Cir. 2002). In ruling on a motion

4

to dismiss, a district court may consider "matters properly subject to judicial notice." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam). The Purchase and Assumption Agreement was properly subject to judicial notice under Federal Rule of Evidence 201(b)(2).

      **AFFIRMED.**