NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILIP FRANK KENNEDY; DANA LYNN KENNEDY, | No. 11-56557 |
| Plaintiffs - Appellants, | D.C. No. 3:10-cv-01516-JLS-MDD |
| v. | |
| LEHMAN BROTHERS BANK, FSB; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted February 11, 2013**

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Philip Frank Kennedy and Dana Lynn Kennedy appeal pro se from the

district court's judgment dismissing their action arising out of foreclosure

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, plaintiffs' request for oral argument is denied.

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *King v. California*, 784 F.2d 910, 912 (9th Cir. 1986), and we affirm.

The district court properly dismissed plaintiffs' claims for wrongful foreclosure and quiet title because defendants had statutory authority to initiate non-judicial foreclosure proceedings. *See* Cal. Civ. Code § 2924(a)(1); *see also Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 823-24 (Ct. App. 2011) (Cal. Civ. Code § 2924(a)(1) does not allow plaintiffs to bring an action to determine foreclosure authority). Moreover, plaintiffs failed to allege that they tendered or satisfied their payment obligations under the deed of trust. *See Arnolds Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15, 17 (Ct. App. 1984) ("[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."); *Aguilar v. Bocci*, 114 Cal. Rptr. 91, 92 (Ct. App. 1974) (a mortgagee cannot quiet title without satisfying his debt). Contrary to plaintiffs' contention, their offer of performance did not constitute adequate tender. *See Karlsen v. Am. Sav. & Loan Ass'n*, 92 Cal. Rptr. 851, 854 (Ct. App. 1971) ("[A]n offer of performance is of no effect if the person making it is not able to perform.").

The district court properly dismissed plaintiffs' claims for fraud because plaintiffs failed to make allegations with the specificity required by Fed. R. Civ. P. 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009).

The district court did not abuse its discretion by dismissing without leave to amend where amendment would be futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

Plaintiffs' contentions that the foreclosure proceedings violated constitutional and California Commercial Code provisions lack merit.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**