Filed 4/25/14; pub. order 5/22/14 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| TSVETANA YVANOVA,<br><br>    Plaintiff and Appellant,<br><br>  v.<br><br>NEW CENTURY MORTGAGE CORPORATION et al.,<br><br>    Defendants and Respondents. | No. B247188<br><br>(Los Angeles County<br>Super. Ct. No. LC097218) |

APPEAL from an order of the Superior Court of Los Angeles County.  Russell Kussman, Judge.  Affirmed.

Tsvetana Yvanova, in pro. per., for Plaintiff and Appellant.

Houser & Allison, Robert W. Norman, Jr., Patrick S. Ludeman, for Defendants and Respondents.

_____

Plaintiff Tsvetana Yvanova, in pro. per., brought an action against numerous financial institutions, alleging the mortgage and deed of trust on her residence were improperly securitized and assigned from the original lender to several successive mortgagees and trustees, and ultimately improperly sold at foreclosure. Plaintiff alleged instances of transfer fraud, claimed several assignments were ineffective, and denied that the ultimate trustee possessed a valid interest in the property. Although the only cause of the action in the operative complaint was entitled "To Quiet Title," plaintiff also sought restitution, damages, and declaratory relief. Defendants demurred to the complaint on the ground that plaintiff failed to state a cause of action for quiet title in that she failed to allege she tendered the loan balance. The trial court sustained the demurrer without leave to amend on that ground.

We affirm.

## Background

**Complaint**

Plaintiff's original and first amended complaints, defendants' demurrers thereto and the rulings on those demurrers are not in the record on appeal. We take the facts from the second amended complaint, which is operative, for now accepting them as true, and from matters properly subject to judicial notice. The complaint is somewhat difficult to understand, as it includes plaintiffs' questions, arguments and evidence, citations to authority, references to civil pleadings in other jurisdictions, and an unclear timeline. From a close reading, however, we glean the following facts.

In 2006, plaintiff executed a promissory note in the amount of $483,000 secured by a deed of trust on her residence in Woodland Hills, California. The lender and beneficiary was New Century Mortgage Corporation. The trustee was Stewart Title Company. The deed of trust entitled the lender to substitute the trustee without notice to the borrower, assign the note to third parties without notice, and sell the property in case of default.

2

According to recorded documents, in August 2008 the trustee served plaintiff with a notice of default and election to sell, alleging plaintiff was in default on the note in the amount of $14,711.79. In 2007, when New Century Mortgage was in bankruptcy, the deed of trust was assigned by means of a Pooling and Servicing Agreement to Deutsche Bank National Trust Company as trustee for the Morgan Stanley ABS Capital I Inc. Trust 2007-HE1 Mortgage Pass Through Certificates, Series 2007-HE1, a mortgage-backed security (MBS), i.e., a collection or pool of mortgages packaged together into a security that is then sold to investors. We will hereafter refer to the security as the Morgan Stanley MBS.

In January 2012, Deutsche Bank served plaintiff with a second notice of default and election to sell, claiming she was in default on the note in the amount of $63,960.80. In February 2013, Western Progressive, LLC, was substituted in as trustee. In August 2012, Western Progressive executed a notice of trustee's sale, claiming plaintiff had an unpaid loan balance in the amount of $537,934.03. On September 14, 2012, Western Progressive sold the property to THR California, LLC for $355,000.01 and recorded a trustee's deed upon sale.

Plaintiff continues to live in the Woodland Hills residence.

Plaintiff filed suit on May 14, 2012. After two rounds of demurrer, plaintiff filed the second amended complaint. The complaint, entitled "Action to Quiet Title," contained one cause of action, captioned, "To Quiet Title." In it, plaintiff made three substantive allegations: (1) The assignment of the deed of trust to Deutsche Bank was "ante-dated, misrepresents material facts and entities, that render the instrument void"; (2) the substitution of Western Progressive as trustee "is void, due to ante dating, violating procedural trust rules and using entities, which do not have authority to act"; and (3) Western Progressive "conducted unlawful defective 'auction' sale (in violation of California Secretary of State regulations and Civ Code 1812.6) and subsequently executed a Trustee's Deed" that "is invalid, since its validity entirely depends on the previously recorded security instruments."

3

Plaintiff alleged the 2006 deed was void due to "Notary fraud, Robo-signed instruments, misidentification of entities, ante-dating of instruments, misrepresentation of material fact within the recorded public documents, 'void ab initio' Deed of Trust and Assignment of Deed, due to the use of non-existent business entities, officially out of business or without authority to act."

Plaintiff also alleged the 2011 transfer to Deutsche Bank was invalid because New Century Mortgage had entered into bankruptcy in August 2008, and the purported assignment to Deutsche Bank after liquidation was made without the authorization of the bankruptcy trustee and was irregular in several respects. Although several of the purported irregularities are specious (for example, plaintiff queries why an entity incorporated under the laws of one state might list its address in another state), the essence of plaintiff's allegations is that recorded documents, without more, do not establish chain of title running to Deutsche Bank. Ultimately, plaintiff alleged, Deutsche Bank never possessed the trust deed, and all downstream transfers were therefore void. She further alleged that transfer of the promissory note in blank from New Century Mortgage to Morgan Stanley terminated the security interest in her property.

On February 7, 2012, defendants demurred to the second amended complaint on the ground that plaintiff failed to state a cause of action for quiet title because she failed to allege tender to cure her default on the promissory note. Defendants argued plaintiff's allegations in the complaint were irrelevant without an allegation of tender, or fraud at the time the deed of trust was entered into. On February 8, 2013, the trial court sustained defendants' demurrer without leave to amend "for the reasons stated in defendants' moving papers." The court noted that at the hearing plaintiff represented she had not attempted to discharge the debt or tender the amount owed, and therefore could not quiet title in herself.

Defendants represent that the trial court entered judgment in their favor on February 8, 2013, but no such judgment has been included in the record on appeal. Neither does the record contain plaintiff's notice of appeal.

After an initial round of briefing on appeal we requested further briefing on whether plaintiff's allegations might support a cause of action for wrongful foreclosure. In response, both parties submitted extensive letter briefs, which we have considered.

## DISCUSSION

### A. Standard of review

In reviewing an order sustaining a demurrer without leave to amend, we accept as true the properly pleaded factual allegations of the complaint. (*McCall v. PacifiCare of California, Inc.* (2001) 25 Cal.4th 412, 415.) Where, as here, the complaint references the terms of a contract, we consider those terms as part of the pleading. Furthermore, the allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties. (Code Civ. Proc., § 452; *King v. Central Bank* (1977) 18 Cal.3d 840, 843.) We review the complaint de novo to determine whether the trial court properly sustained the demurrer. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.)

### B. Procedural Defects

Plaintiff's appeal is defective in several respects. Most immediately, plaintiff has provided us with no notice of appeal. But as defendants represent that judgment has been entered and do not complain the appeal is untimely, we will presume the appeal is proper.

Plaintiff's submissions on appeal disregard many rules of court. Her opening brief is improperly formatted and contains no statement of appealability, certificate of interested parties, table of contents, table of authorities, or certificate of word count. (Cal. Rules of Court, rules 8.204, subd. (a)(2)(A-B), 8.208, 8.204, subds. (a)–(c).) Further, plaintiff lodged a four-volume appellant's appendix, but the appendix contains no proof of service, and defendants represent they were never served with one, in violation of court rule 8.124, subdivision (e)(1)(A).

Plaintiff argues that a trial court may not dismiss a case brought by a litigant in propria persona, and as such a litigant she need not comply with the court's rules. She is incorrect. A party may choose to act as his or her own attorney, but "such a party is to be

5

treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing* (1996) 43 Cal.App.4th 1200, 1210.)  As with attorneys, in propria persona litigants must follow correct rules of procedure.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

Defendants request that we disregard plaintiff's opening brief and appendix. Although it is within our discretion to do so, we think our request for further briefing clarified the pertinent issues and gave both parties an opportunity to address them.[1]

## C.    Substantive Issue

Plaintiff's essential allegation is that Deutsche Bank's receipt of title from New Century Mortgage's bankruptcy estate was defective for several specified reasons. Deutsche Bank therefore had no proper title to her trust deed and no standing to foreclose.  Plaintiff contends this defect permits her to quiet title.  Defendants demurred, and the trial court sustained the demurrer, on the ground that plaintiff's default and failure to tender the amount due on her loan deprived her of standing to seek quiet title.

As defendants argued and the trial court found, plaintiff is not entitled to quiet title because she failed to allege she tendered funds to discharge her debt.  (*Aguilar v. Bocci* (1974) 39 Cal.App.3d 475, 477 [a plaintiff may not quiet title in himself without discharging his debt].)  But when evaluating a complaint the court must attend to the facts properly alleged therein, not the labels appended to them or the theories for recovery. (*Quan v. Truck Ins. Exchange* (1998) 67 Cal.App.4th 583, 592.)  We construe the complaint liberally, in attempt to attain substantial justice between the parties.  (*King v. Central Bank*, *supra*, 18 Cal.3d at p. 843.)

In our request for letter briefing we invited the parties to discuss, in essence, whether plaintiff should be given leave to amend to allege a cause of action for wrongful foreclosure.  Plaintiff responded as follows:  "Despite the fact that Plaintiff/Appellant has presented all facts and factual allegations correctly, to support her claim and additional 4-

---

[1]    Plaintiff's request for leave to file a time chart is granted.

6

5 causes of action—the core facts remain unchanged. However, a leave to amend will greatly benefit the framing of the case for two reasons: First: New developments in the economic and legal history since 2012 and new annotated case law supporting the issues discussed and Second: following the Supplement brief questions, Appellant/Plaintiff will be able to frame the same issues in a more succinct and focused manner with more appropriate causes of action." Defendants, on the other hand, argued amendment would be futile because plaintiff cannot state a cause of action for declaratory relief or wrongful foreclosure for the same reasons she may not quiet title in herself: She has no standing to challenge Deutsch Bank's claim to title.

We agree with defendants. "Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note." (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507.) An impropriety in the transfer of a promissory note would therefore affect only the parties to the transaction, not the borrower. The borrower thus lacks standing to enforce any agreements relating to such transactions. (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 515 (*Jenkins*).)

Plaintiff argues the transfer of her promissory note and deed of trust from New Century Mortgage to Deutsch Bank and the subsequent securitization of the note were improper. But even if she is correct, "the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note." "As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." (*Jenkins*, *supra*, 216 Cal.App.4th at p. 515.) Plaintiff would not be the victim of such invalid transfers because her obligations under the note remained unchanged. "Instead, the true victim may be an individual or entity that believes it has a present beneficial interest in the promissory note

7

and may suffer the unauthorized loss of its interest in the note.  It is also possible to imagine one or many invalid transfers of the promissory note may cause a string of civil lawsuits between transferors and transferees." (*Ibid*.)  But plaintiff "may not assume the theoretical claims of hypothetical transferors and transferees" to assert causes of action for declaratory relief or wrongful foreclosure.  (*Ibid*.)

Plaintiff argues *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 supports her argument that a borrower may challenge a nonjudicial foreclosure based on allegations that one or more transfers in the chain of title of a trust deed was void.  She is correct.  There, after concluding that noncompliance with the terms of a pooling and servicing agreement would render an assignment void, the court adopted without analysis the majority rule in Texas that an obligor may resist foreclosure on any ground that renders an assignment in the chain of title void.  (*Reinagel v. Deutsche Bank Nat'l Trust Co*. (5th Cir. Tex. 2013) 722 F.3d 700, 705.)

But no California court has followed *Glaski* on this point, and many have pointedly rejected it.  (See, e.g., *Apostol v. Citimortgage, Inc*. (N.D.Cal., Nov. 21, 2013) 2013 U.S.Dist. Lexis 167308, 23-24; *Dahnken v. Wells Fargo Bank, N.A*., C 13-2838 PJH (N.D.Cal., Nov. 8, 2013) 2013 U.S.Dist. Lexis 160686; *In re Sandri* (Bankr. N.D.Cal., Nov. 4, 2013) 2013 Bankr. Lexis 4663.)  And as discussed above, *Jenkins* is directly to the contrary.  We agree with the reasoning in *Jenkins*, and decline to follow *Glaski*.

Plaintiff alleges nothing unlawful about the foreclosure process beyond the argument that an allegedly deficient assignment and securitization deprived Deutsche Bank of an interest in the property.  She has no standing to make such a claim.  Therefore, any cause of action for wrongful foreclosure would fail as a matter of law.

**DISPOSITION**

The judgment is affirmed.  Respondents are to receive their costs on appeal.


CHANEY, J.

We concur:


ROTHSCHILD, Acting P. J.


JOHNSON, J.

Filed 5/22/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| TSVETANA YVANOVA, <br><br>     Plaintiff and Appellant, <br><br>  v. <br><br> NEW CENTURY MORTGAGE CORPORATION et al., <br><br>     Defendants and Respondents. | No. B247188 <br><br> (Los Angeles County <br> Super. Ct. No. LC097218) <br><br> ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

The opinion filed in the above-entitled matter filed on April 25, 2014, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

ROTHSCHILD, Acting P. J.        CHANEY, J.        JOHNSON, J.