NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN WON, | No. 16-17292 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01337-JD |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted December 7, 2017
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and FRIEDLAND [**], Circuit Judges, and ELLIS, [***] District Judge.

Plaintiff-Appellant Steven Won ("Won") appeals from the district court's order dismissing his First Amended Complaint ("FAC") with prejudice. Our appellate jurisdiction rests on 28 U.S.C. § 1291, and we **AFFIRM.** "We review de novo the district court's decision to grant a motion to dismiss a claim under Rule 12(b)(6)." *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982 (9th Cir. 2017) (citation omitted). Plaintiff's "claim must be plausible on its face" to survive a motion to dismiss. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). We will uphold the dismissal if either "a cognizable legal theory is absent or if the facts alleged fail to suffice under a cognizable claim." *Id.* (citation and emphasis omitted).

**1.** The district court correctly dismissed Won's quiet title claim. To sufficiently plead a quiet title claim in California, plaintiffs must allege that they have satisfied their obligations under the Deed of Trust. Won has not alleged that he paid the underlying debt arising from his initial 2001 loan, which is fatal to his

---

[**] This case was submitted to a panel that included Judge Kozinski, who recently retired. Following Judge Kozinski's retirement, Judge Friedland was drawn by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Friedland has read the briefs, reviewed the record, and listened to oral argument.

[***] The Honorable Sara Lee Ellis, United States District Judge for the Northern District of Illinois, sitting by designation.

California quiet title claim. *See Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."); *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee"); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477–78 (1974) ("The cloud upon [the mortgagor's] title persists until the debt is paid. He is entitled to remain in possession, but cannot clear his title without satisfying his debt.") (internal citation omitted).

**2.** Won's claim under California Civil Code § 1798.93 was properly dismissed as time-barred. A claim under California Civil Code § 1798.93 must be brought "within four years of the date the person who alleges that he or she is a victim of identity theft knew or, in the exercise of reasonable diligence, should have known of the existence of facts which would give rise to the bringing of the action . . . ." Cal. Civ. Code § 1798.96. Won alleges he was aware of the inflated balance as early as 2008. The exercise of reasonable diligence in 2008 would have led Won to discover that something was awry and he was apparently the victim of identity theft. But even assuming it was reasonable for Won to accept the bank's response to his 2008 inquiry, Won was certainly put on notice of the alleged fraud when he received the notice of trustee's sale in 2010. At that point, it was abundantly clear that he could not rely on any assurances he received in 2008.

Accordingly, any potential claim Won may have had expired at the latest in 2014, and the dismissal was therefore proper.

**3.** Won's claim for willful negligence was also correctly dismissed. Willful negligence "occurs when a person with no intent to cause harm intentionally performs an act so unreasonable and dangerous that he knows, or should know, it is highly probable that harm will result." *Donnelly v. S. Pac. Co.*, 18 Cal. 2d 863, 869 (1941); *see also Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1017 (1993) (Kennard, J., concurring in part and dissenting in part) (same). Won has not shown that Fannie Mae's conduct, which included the institution of an unlawful detainer action, was unreasonable or dangerous. "It is simply not tortious" for a financial institution to conduct routine financing activities. *Cf. Sierra-Bay Fed. Land Bank Ass'n v. Superior Court*, 227 Cal. App. 3d 318, 334 (1991). Fannie Mae even voluntarily dismissed the unlawful detainer action in order to allow it time to investigate Won's fraud claims; after finding them to be meritless, Fannie Mae notified Won it would not rescind the allegedly fraudulent documents. Under the circumstances of this case, Fannie Mae's alleged conduct was not "so unreasonable and dangerous" that they knew or should have known it would cause harm. *Donnelly*, 18 Cal. 2d at 869.

**AFFIRMED.**